# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2457 | **DATE** | 3/9/2004 |
| **CASE TITLE** | Loberg vs. Gordon Flesch Co., Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Defendant's motion for summary judgment is granted in part and denied in part. The motion as to counts I - IV, and VIII is granted and denied as to Counts V, VI and VII. Enter Memorandum Opinion and Order.

(11) ☑ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 3 number of notices | Document Number |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | 3-10-04 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | 33 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 3/9/2004 date mailed notice | |
| MPJ | courtroom deputy's initials | MPJ mailing deputy initials | |
| | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LENNIE LOBERG                )
                             )
         Plaintiff,          )
                             )
    v.                       )  No. 03 C 2457
                             )
GORDON FLESCH COMPANY, INC., )
                             )
         Defendant.          )
                             )

MEMORANDUM OPINION AND ORDER

Plaintiff Lennie Loberg was employed as a field technician by defendant Gordon Flesch Company, Inc. ("Gordon Flesch") from June 1987 until his termination on April 13, 2003. On November 24, 1997, Mr. Loberg sustained a work-related injury that resulted in cellulitis of his right arm. Mr. Loberg subsequently developed lyphedema and pain in his right middle finger, diagnosed as Raynaud's phenomenon. In November 2000, Mr. Loberg filed a claim for worker's compensation with the Industrial Commission. Mr. Loberg claims that his damaged lymphatic system constitutes a disability under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq. Mr. Loberg alleges that Gordon Flesch failed to accommodate his disability (Count I); refused to train or rehire him because of his disability (Counts II-IV); wrongfully terminated him in retaliation for filing a worker's compensation claim (Counts V and VI); and intentionally and negligently inflicted emotional distress on him (Counts VII and VIII). Gordon



Flesch moves for summary judgment on all counts. The motion is granted in part and denied in part.

I.

Summary judgment is appropriate where the record and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Lexington Ins. Co. v. Rugg & Knopp*, 165 F.3d 1087, 1090 (7th Cir. 1999); Fed. R. Civ. P. 56(c). I must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). While I construe the facts in the most favorable light to Mr. Loberg, his failure to properly respond to Gordon Flesch's statement of undisputed facts renders all those facts admitted. *Schulz v. Serfilco, Ltd.*, 965 F.2d 516, 518-19 (7th Cir. 1992).

Counts I-IV of Mr. Loberg's complaint allege violations of the ADA, including failure to accommodate his disability and failure to rehire or train him. Gordon Flesch argues that summary judgment should be granted on these claims because Mr. Loberg's impairment does not meet the definition of "disability" under the ADA. A "disability" under the ADA is:

> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
> (B) a record of such an impairment; or
> (C) being regarded as having such an impairment.

2

42 U.S.C. § 12102(2). Mr. Loberg attempts to proceed under all three possibilities.

While Gordon Flesch concedes that Mr. Loberg has an impairment, Mr. Loberg must also show that his impairment "limits a major life activity" to qualify as a disability. *Toyota Motor Manuf. Kentucky, Inc. v. Williams*, 534 U.S. 184, 195 (2002). The limitation must also be substantial. *Id.* Further, the limitations must render Mr. Loberg "unable to perform the variety of tasks central to most people's daily lives," not merely affect his ability to perform tasks specifically associated with his job. *Id.* at 200-01. Mr. Loberg states that he must take especial care when performing tasks that may result in nicks or cuts to his hands and arms, such as gardening, repair work and maintenance at home, cooking, and repair work on the job. However, Mr. Loberg admits that his impairment does not prevent him from performing these tasks, but merely makes them unpleasant or more difficult. While this limitation on his activities is unfortunate, it does not rise to the level of a disability under the ADA.

Mr. Loberg argues that he may also proceed under the second option, that of having a "record of such an impairment." 42 U.S.C. § 12102(2)(B). However, this argument fails for the same reasons stated above. Mr. Loberg must show "not merely a diagnosis, but a record reflecting the kind of impairment that would impose a substantial limitation on one or more of [his] major life

3

activities." *Davidson v. Midelfort Clinic, Ltd.*, 133 F.3d 499, 510 n.7 (7th Cir. 1998). Mr. Loberg presents no such evidence. His evidence relating to a brief hospitalization and two letters from his doctor that relate his need to avoid nicks and cuts are insufficient. *See, e.g., Ogborn v. United Food and Commercial Workers Union*, 305 F.3d 763, 767-68 (7th Cir. 2002).

Finally, Mr. Loberg argues that he may proceed under the third option, "being regarded as having such an impairment." 42 U.S.C. § 12102(2)(C). This option requires that the employer regard the plaintiff's impairment as generally limiting his ability to work. *Davidson*, 133 F.3d at 510. The limitation must again be substantial, as required under the first option. *Id.* at 511. The record does reflect that Gordon Flesch regarded Mr. Loberg as having an impairment. The remainder of the evidence is disputed. Gordon Flesch is not entitled to summary judgment on this claim. Gordon Flesch's motion for summary judgment with respect to Counts I-IV is GRANTED.

II.

Counts V and VII allege that Mr. Loberg was terminated in retaliation for filing a Worker's Compensation claim for an injury sustained on the job. To recover damages for such a claim, Mr. Loberg must show (1) that he was employed by Gordon Flesch, (2) that he exercised a right granted by the Workers' Compensation Act, (3) that he was terminated, and (4) that his termination was

4

causally related to the exercise of his rights. *Clemons v. Mechanical Devices Co.*, 704 N.E.2d 403, 406 (Ill. 1998). Gordon Flesch does not contest the first three elements, but argues that Mr. Loberg's termination was not causally related to his Workers' Compensation claim. Instead, Gordon Flesch claims that Mr. Loberg was terminated because of a decline in available work that accommodated Mr. Loberg's impairment and because of a general hiring freeze and reduction in force. As Gordon Flesch has brought forth a legitimate reason for Mr. Loberg's termination, it remains Mr. Loberg's burden to show that the reason offered is pretextual. *Id.*

Mr. Loberg raises a genuine question of material fact as to Gordon Flesch's motive for terminating him. He argues that the timing of his termination, in connection with the filing of his claim, presents evidence of causation. Mr. Loberg filed his claim in November 2000 and was terminated in April, 2001. He also claims that he was the only employee terminated at the time, despite Gordon Flesch's defense that Mr. Loberg's position was eliminated for ecomonic reasons, and Mr. Loberg presents evidence that someone else was immediately hired into his position.

Mr. Loberg's arguments are sufficient to create a genuine issue of material fact as to Gordon Flesch's motive for terminating him. Gordon Flesch's motion for summary judgment with respect to Counts V and VI is DENIED.

III.

Counts VII and VIII respectively allege that Gordon Flesch intentionally and negligently inflicted emotional distress on Mr. Loberg. To sustain a claim for intentional infliction of emotional distress, Mr. Loberg must show that the conduct complained of was extreme and outrageous; that Gordon Flesch either intended to inflict severe emotional distress or knew there was a possibility of causing such distress; and that the conduct in fact caused severe emotional distress. *Welsh v. Commonwealth Edison Co.*, 306 Ill. App. 3d 148, 154 (Ill. App. Ct. 1999). The elements of the tort are separate from those required to prove his Illinois Human Rights Act claim. It is up to the trier of fact to determine whether, if the facts support Mr. Loberg's claims, the conduct was extreme and outrageous. Count VII survives summary judgment. Count VIII, however, will be dismissed. No facts have been shown that create an issue of fact on Mr. Loberg's claim for negligent infliction of emotional distress.

ENTER ORDER:

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: March 9, 2004