Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2457 | **DATE** | 11/24/2004 |
| **CASE TITLE** | Loberg vs. Gordon Flesch | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order regarding parties various motions in limine. Defendant's motions in limine (38, 41, 42, and 43) are denied. Defendant's motion in limine (39) is granted in part. Defendant's motions in limine (44, 45 and 46) are granted. Plaintiff's motion in limine (47) is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | 3 |
| | No notices required. | | number of notices |
| ✓ | Notices mailed by judge's staff. | | NOV 29 2004 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | docketing deputy initials |
| | Mail AO 450 form. | | 11/24/2004 |
| | Copy to judge/magistrate judge. | | date mailed notice |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

LENNIE LOBERG, )
)
    Plaintiff, )
)
v. ) No. 03 C 2457
)
GORDON FLESCH COMPANY, INC., )
)
    Defendant. )
)

DOCKETED NOV 2 9 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Lennie Loberg was employed as a field technician by defendant Gordon Flesch Company, Inc. ("Gordon Flesch") from June 1987 until his termination on April 13, 2003. On November 24, 1997, Mr. Loberg sustained a work-related injury that resulted in cellulitis of his right arm. Mr. Loberg subsequently developed lyphedema and pain in his right middle finger, diagnosed as Raynaud's phenomenon. In November 2000, Mr. Loberg filed a claim for workers' compensation with the Industrial Commission. Mr. Loberg claims that his damaged lymphatic system constitutes a disability under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq. Mr. Loberg alleged that Gordon Flesch failed to accommodate his disability (Count I); refused to train or rehire him because of his disability (Counts II-IV); wrongfully terminated him in retaliation for filing a worker's compensation claim (Counts V and VI); and intentionally and negligently inflicted emotional distress on him (Counts VII and VIII). Gordon

Flesch moved for summary judgment on all counts. The motion was granted with respect to Counts I-III and VIII and denied with respect to Counts IV-VII. Both parties now move to exclude a variety of evidence from the trial. I GRANT some motions and DENY others, for the reasons given below.

Characterization of plaintiff as "disabled." Defendant moves to preclude characterization of plaintiff as disabled or legally disabled. Defendant argues that allowing plaintiff to introduce evidence of his medical condition or argue that he is disabled will confuse and mislead the jury. Defendant also argues that this court has already determined that plaintiff is not legally disabled. This is incorrect. The definition of "disabled" under 42 U.S.C. § 12102(2) has three parts: (1) having a physical or mental impairment that substantially limits a major life activity, (2) a record of having such an impairment, or (3) being regarded as having such an impairment. Plaintiff cannot meet the first two definitions as a matter of law, but a question of fact remains on the last. Plaintiff's medical condition and degree of impairment is relevant to this cause of action. This motion is DENIED.

Argumentative or inflammatory language. Defendant moves to preclude plaintiff from using false, argumentative, or inflammatory language in his opening statement to the jury. Plaintiff has no objection to such a limitation on opening statements. This motion is GRANTED.

2

Front pay. Defendant moves to preclude plaintiff from introducing evidence related to his claims for front pay, arguing that front pay is an equitable form of relief entrusted to the court, not the jury. I agree. *Taylor v. Gilbert & Bennett*, No. 95-C-7228, 1997 WL 30948, at *4 (N.D. Ill. Jan. 15, 1997); *Downers v. Volkswagen of America, Inc.*, 41 F.3d 1132, 1141-42 (7th Cir. 1994). This motion is GRANTED.

Unemployment/workers' compensation data. Defendant moves to preclude plaintiff from introducing evidence that plaintiff characterizes as workers' compensation data from defendant. Defendant argues that the evidence is actually unemployment compensation data. Plaintiff will have to lay a foundation for the information allegedly contained in an answer to interrogatory. If he does, the information is admissible. Defendant's motion is DENIED.

Testimony of and about Scott Ohlfest. Defendant moves to preclude the testimony of Scott Ohlfest and to preclude testimony by plaintiff about conversations with Mr. Ohlfest. Plaintiff wishes to introduce comments allegedly made to him by Mr. Ohlfest regarding Mr. Ohlfest's termination (allegedly for filing a workers' compensation claim). Such statements are hearsay under Fed. R. Evid. 801, and do not fall under any exception for admissibility. Plaintiff is precluded from testifying as to his alleged conversations with Mr. Ohlfest.

Direct testimony by Mr. Ohlfest would be admissible only if permitted under Fed. R. Evid. 404(b). Plaintiff must demonstrate in advance of trial that his testimony would satisfy the strict standards for admission under this rule. In the absence of such a showing, he will not be allowed to testify about allegedly similar discriminatory acts.

Expert evidence. Defendant moves to exclude evidence relating to damages, statistical and pattern evidence, economic loss, loss of earning capacity, etc. that would typically be introduced through an expert, as plaintiff has not named any experts in this case. Pursuant to Fed. R. Evid. 701, plaintiff and other, non-expert witnesses may testify based on personal knowledge, and may offer opinions and inferences that are

> (a) rationally based on the perception of the witness; (b) helpful to a clear understanding of the witness' testimony or the determination of a fact; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. Plaintiff's attempts, if any, to introduce evidence which violates this rule by being based on "scientific, technical, or other specialized knowledge within the scope of Rule 702," either through his own or other witness' testimony, will be dealt with as they occur. This motion is GRANTED to the extent that it correctly states that plaintiff may not introduce Rule 702 expert testimony as he has identified no experts in this case.

4

Size/locations of defendant. Defendant moves to prevent plaintiff from referring to defendant as a "foreign," "out of state," or "Wisconsin" company, arguing that such references would confuse and prejudice the jury. Plaintiff contends that he seeks to introduce evidence of defendant's size and multiple locations to show that defendant's stated reason for not allowing plaintiff to transfer to another position were pretextual. Such testimony is relevant to the issues in this case. This motion is DENIED.

Punitive damages. Defendant moves to prevent plaintiff from referring to the potential for punitive damages, on either his retaliation or ADA claims, unless he establishes an evidentiary basis for such damages. Defendant is correct that the decision whether to place the question of punitive damages before the jury is a matter of law. *Hollowell v. Wilder Corp. of Delaware*, 743 N.E.2d 707, 711 (Ill. App. Ct. 2001)(punitive damages appropriate where defendant acts with malice, willfully, or in a grossly negligent manner). However, under Illinois law, it is proper to send the question of punitive damages to the jury when the plaintiff alleges termination in retaliation for filing a workers' compensation claim. *Id.* at 711-12. Further, punitive damages are available under the ADA if the plaintiff shows that defendant acted "with malice or with reckless indifference" to plaintiff's federally protected rights. 42 U.S.C. § 1981a(b)(1); *David v. Caterpillar, Inc.*, 324 F.3d 851, 865 (7th Cir. 2003)("malice" and

"reckless indifference" refer to employer's knowledge of potential violation of federal law, not awareness it is engaging in discrimination). Defendant argues that the record does not reflect that it acted with malice or reckless indifference. Plaintiff counters that the record does reflect such conduct. While the court must ultimately decide whether to send the question to the jury, I reserve that judgment until after presentation of evidence at trial. This motion is DENIED.

EEOC determination. Defendant finally moves to exclude the Equal Employment Opportunity Commission ("EEOC") determination in this case. This motion is uncontested by plaintiff. While such determinations are generally admissible under Fed. R. Evid. 803(8)(C), I have broad discretion to admit or exclude them. *See Young v. James Green Mgmt., Inc.*, 327 F.3d 616, 624 (7th Cir. 2003)(probative value should be weighed against possible prejudice). The introduction of an EEOC determination of discrimination would unduly prejudice or confuse the jury, who may think a legal determination of plaintiff's disability has already been reached. The motion is GRANTED.

Settlement negotiations. Plaintiff moves to exclude any reference to settlement negotiations between plaintiff and defendant, specifically three letters that were sent to plaintiff regarding his workers' compensation claim. Settlement negotiations are generally inadmissible under Fed. R. Evid. 408, when offered to

prove liability for or invalidity of a claim. Defendant argues that it intends to introduce this evidence to show defendant's state of mind concerning plaintiff's workers' compensation claims. Evidence may be admissible for the purpose of demonstrating defendant's state of mind and intent. *Dierlam v. Wesley Jessen Corp.*, 222 F. Supp. 2d 1052, 1055 (N.D. Ill. 2002)(citing *Bankcard Amer. Inc. v. Universal Bancard Sys., Inc.*, 203 F.3d 477, 484 (7th Cir. 2000)). This motion is DEFERRED until the final pretrial conference. The exhibits are to be brought to the conference.

Workers' compensation claims. Plaintiff moves to exclude any reference to prior lawsuits or workers' compensation claims he may have filed. Defendant contends that it intends to offer evidence concerning plaintiff's previous workers' compensations claims in 1991, 1992, 1997, and 1999 to show that it was not inclined to terminate plaintiff because he filed another claim in 2000. Fed. R. Evid. 404(b) prohibits evidence of other acts if that evidence is offered to show action in conformity with those acts. However, such evidence is admissible to show a motive, intent, or plan – or here, lack thereof – for an action. Defendant's motive or intent in terminating plaintiff is at issue here; the evidence of plaintiff's prior claims and defendant's lack of response is relevant. This motion is DENIED as to the prior workers' compensation claims.

Investment tools. Plaintiff moves to exclude any evidence of what plaintiff could do with a potential award in this case to generate living expenses. This motion is GRANTED as unopposed.

Income tax. Plaintiff moves to exclude evidence concerning whether a potential award in this case is taxable. This motion is GRANTED as unopposed.

Undisclosed evidence, witnesses, experts. Plaintiff moves to exclude any evidence, witnesses, and experts not previously disclosed. This motion is GRANTED as unopposed.

Plaintiff's work history. Plaintiff moves to exclude evidence of his work history, evaluations, or absenteeism prior to 1998, arguing that such evidence is too remote in time and unduly prejudicial. Defendant argues in response that this evidence, contained in plaintiff's personnel file, formed the basis for defendant's termination of plaintiff and is therefore relevant. Given that the motivation behind plaintiff's termination is a key issue in this case, I cannot say that plaintiff's work history prior to 1998 should be excluded. *See, e.g., Denson v. Northeast Ill. Reg. Commuter R.R. Corp.*, No. 00-C-2984, 2002 WL 15710, at *2-5 (N.D. Ill. Jan. 4, 2002). This motion is DENIED.

Workers' compensation payments. Plaintiff finally moves to exclude evidence of workers' compensation payments for his 1997 injury. Collateral source payments, which may include workers' compensation payments, are generally inadmissible for the purpose

of determining damages in a civil action. *Hamrock v. Henry*, 584 N.E. 2d 204, 210 (Ill. App. Ct. 1991). Defendant argues that it does not seek to admit the evidence for the purpose of damages computation, but to refute the inference drawn by plaintiff that defendant terminated him for filing a workers' compensation claim. Defendant contends that evidence that plaintiff applied for and received benefits in 1991, 1992, 1997, and 1999 without any adverse action being taken demonstrates a lack of retaliatory intent on the part of defendant. I agree. Any potential prejudice to plaintiff regarding the computation of damages can be addressed through a cautionary instruction at the end of trial. This motion is DENIED.

ENTER ORDER:

*Elaine L Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: November 24, 2004

9